UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark Anthony Gonzalez,<br><br>    Petitioner<br><br>v.<br><br>Nethanjah Breitenbach, *et al.*,<br><br>    Respondents | Case No.: 2:25-cv-01080-APG-BNW<br><br>**Order Directing Service of Petition** |

Mark Anthony Gonzalez has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. ECF No. 1. Gonzalez argues that he did not knowingly, voluntarily, and intelligently plead guilty to two counts of residential burglary in Ninth Judicial District Court (Douglas County). I have reviewed the petition pursuant to Habeas Rule 4, and at this time I direct that it be docketed and served on the respondents.[1]

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

I THEREFORE ORDER that the Clerk of Court electronically serve the petition [ECF No. 1] on the respondents.

---

[1] The petition argues that the state appellate court made an unreasonable determination of fact in rejecting his claims; this court may consider such a claim under § 2254(d)(2). The court notes though, that the petitioner also asks the court for an order requiring the state appellate court "to adjudicate [the petitioner's] constitutional appellate issues on direct appeal." ECF No. 1 at 2. This court lacks jurisdiction to order a state court to take a particular action.

1        I FURTHER ORDER that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

       I FURTHER ORDER that the respondents file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.  Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

       I FURTHER ORDER that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  The respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that the petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

I FURTHER ORDER that any additional state court record exhibits filed herein by either the petitioner or the respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment, and each exhibit will be a separate attachment.

I FURTHER ORDER that, at this time, the parties send courtesy copies of any responsive pleading or motion and all INDICES OF EXHIBITS ONLY to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED this 16th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE