**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK ANTHONY GONZALEZ,

Petitioner,

v.

NATHANJAH BREITENBACH, et al.,

Respondents.

Case No. 2:25-cv-01080-APG-BNW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

[ECF No. 10]

## I. Summary

In this habeas action, the respondents move to dismiss Mark Anthony Gonzalez's petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that his challenges to the validity of his guilty plea are not cognizable and are wholly unexhausted. ECF No. 10. For the reasons explained below, I grant the motion to dismiss Ground A(1) as procedurally defaulted and Ground A(2) as not cognizable, and deny the motion to dismiss Ground B.

## II. Background

### A. Guilty Plea and Sentence

In February of 2024, Gonzalez pleaded guilty, under the terms of a guilty plea agreement, to two counts of residential burglary in Douglas County, Nevada, and he was sentenced to an aggregate of 96 to 240 months of imprisonment. ECF Nos. 7-29; 7-38 at 63; 7-39; 7-40.

### B. State Direct Appeal

Gonzalez filed a counseled state direct appeal. ECF No. 7-49. In his opening brief, he argued his pleas were not knowing, voluntary, and intelligent, in violation of the federal constitution, because (1) there is an unresolved material conflict regarding his right to appeal as set forth in his plea canvass and guilty plea agreement; and (2) he was not admonished that the

minimum sentence can be no more than 40% of the maximum sentence under NRS § 193.130(1). ECF Nos. 7-49 at 6–20; 7-51 at 6–20. The State argued that, according to *Bryant v. State*,[1] issues regarding the validity of the plea were improperly raised on direct appeal and must be raised in a petition for a writ of habeas corpus. ECF No. 8-7 at 11–12. Gonzalez replied that his challenge to the validity of the plea was properly raised on direct appeal under the exception to the rule in *Bryant*, set forth in *Smith v. State*,[2] which he argued allows challenges to the validity of a guilty plea on direct appeal where the invalidity of the plea is apparent from the record. ECF No. 8-10 at 6. The Nevada Court of Appeals declined to consider the claims that the pleas are invalid because, citing *Bryant* and *Smith*, the claimed errors were not apparent from the record and Gonzalez did not raise them in the state district court in the first instance. ECF No. 8-14. Gonzalez immediately filed a timely petition for rehearing under Nev. R. App. P. 40, contending the Nevada Court of Appeals overlooked that his claims of error clearly appeared in the record. ECF No. 8-15 at 4–6.

A month later, and before the Court of Appeals ruled on the petition for rehearing, Gonzalez filed a motion to supplement his petition for rehearing to add a claim that the Nevada Court of Appeals overlooked that the rule in *Bryant* abrogated Gonzalez's right to a state direct appeal in violation of Nev. Const. art. III, § 1(1), Nev. Const. art. VI, § 4, and NRS § 2.120(1).

---

[1] *See State v. Bryant*, 102 Nev. 268, 272 (1986) (holding defendant may not challenge the validity of a guilty plea on direct appeal and must do so in the district court in the first instance, either by bringing a motion to withdraw the guilty plea, or by initiating a postconviction proceeding); *but see Harris v. State*, 130 Nev. 435, 437, 448 (2014) (holding statutory post-conviction habeas petition takes the place of a motion to withdraw a guilty plea and is the exclusive remedy for challenging the validity of a guilty plea made after sentencing).

[2] *See Smith v. State*, 110 Nev. 1009, 1010 n.1 (1994) (noting "[a]lthough we stated in *Bryant*, 102 Nev. 268, that this court will not consider a challenge to the validity of a guilty plea unless the defendant first brings his or her challenge in the district court, this rule cannot be applied without exception. In cases such as this one where the error clearly appears from the record, it is a waste of judicial resources to require the defendant to start the process of review anew . . ..").

ECF No. 8-19 at 4. The record reflects that in a proposed supplement to the petition for rehearing, which was later stricken by the Nevada Court of Appeals,[3] Gonzalez sought to assert that the rule in *Bryant* violates the United States Constitution. ECF No. 8-21 at 4. The Nevada Court of Appeals acknowledged it had discretion to suspend its own rules, but denied the motion to supplement the petition for rehearing as untimely under Nev. R. App. P. 40(c), struck the supplement, and denied rehearing under Nev. R. App. P. 40(a) and 40(h). ECF No. 8-23 at 2 n.1.

Gonzalez subsequently filed a petition for review with the Supreme Court of Nevada, arguing the Nevada Court of Appeals erroneously concluded Gonzalez's guilty pleas were not constitutionally infirm, his constitutional claims of error are clear from the record, the application of *Bryant* violates the Nevada Constitution and Nevada law, the rule in *Bryant* violates the Fourteenth Amendment Due Process Clause, and *Bryant* should be revised and overruled. ECF No. 8-25 at 3. The Supreme Court of Nevada denied review under Nev. R. App. P. 40B(a) and (g). ECF No. 8-27.

**III. Grounds A and B of the Petition**

Ground A of Gonzalez's petition alleges (1) the rule in *Bryant* abrogates the constitutional right to file a direct appeal challenging the legal sufficiency of guilty pleas, in violation of a Fourteenth Amendment Due Process "liberty" interest; and (2) the rule in *Bryant* abrogates the constitutional right to file a direct appeal challenging the legal sufficiency of guilty pleas, and unconstitutionally divests the courts of their original appellate jurisdiction in violation of the state's separation of powers doctrine. ECF No. 1 at 3–14. Ground B alleges the Nevada Court of Appeals's factual finding that the claims of error do not "clearly appear in the record"

---

[3] The parties did not provide a copy of the supplement that Gonzalez submitted with his state motion to supplement the petition for rehearing.

(which would allegedly satisfy an exception to *Bryant*) was unreasonable considering the evidence presented in the State court proceedings, in violation of 28 U.S.C. § 2254. *Id.*

## IV. Discussion

### A. Ground A

#### 1. Ground A is partially cognizable.

The respondents move to dismiss Ground A of the petition as not cognizable because there is no federal constitutional right to appeal and Ground A challenges only the state appellate court's misapplication of state law. ECF No. 10 at 8–11. Gonzalez acknowledges he has no federal constitutional right to appeal, and argues his claims are not that the state appellate courts misapplied state law. Rather, he claims that, because state law grants him constitutional and state statutory rights to a direct appeal, those rights are protected by the Fourteenth Amendment Due Process Clause. ECF No. 11 at 10–13.

A state prisoner is entitled to federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a); *see also e.g., Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993) ("Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim."). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A petitioner may not "[t]ransform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state

court's interpretation of state law . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (internal citation omitted); *see also Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.").

A state court's application of state law may rise to the level of a federal due process violation if it was so arbitrary or capricious as to constitute an independent federal constitutional violation. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (allowing habeas review of errors of state law only where "state court's finding was so arbitrary or capricious as to constitute an independent [constitutional] violation"); *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981) ("Habeas corpus relief for an asserted violation of due process is available only when the state court's action is arbitrary or fundamentally unfair.").

When a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state."); *see e.g.*, *Griffin v. Illinois*, 351 U.S. 12, 18–20 (1956) (holding that, although there is no due process requirement that states allow direct appeals of criminal convictions, if state law does permit such appeals, due process and equal protection require that indigent defendants be provided with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal because when a state elects to provide appellate review, it must administer that process in a manner consistent with due process and equal protection principles).

I deny the motion to dismiss Ground A(1) as not cognizable because it alleges Gonzalez is in custody in violation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment as a result of the state appellate court's application of the *Bryant* rule and resulting failure to consider his challenge to the validity of his guilty pleas on direct appeal. *See, e.g. Griffin*, 351 U.S. at 18–20. However, I grant the motion to dismiss Ground A(2) as it is not a cognizable claim for federal habeas corpus relief. Although Ground A(2) alleges Gonzalez is in custody in violation of the Fourteenth Amendment, he claims the application of the rule in *Bryant* abrogated his state constitutional and state statutory right to a direct appeal, and a petitioner may not "[t]ransform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford*, 110 F.3d at 1389.

**2. Ground A(1) is unexhausted.**

The respondents contend Ground A(1) is unexhausted because, although Gonzalez raised the claim in his petition for review to the Supreme Court of Nevada, he did not raise it in a complete round of state court review, i.e., he did not raise the claim in his direct appeal and his attempt to do so in his untimely supplement to the petition for rehearing was made in a procedural context in which its merits would not be considered. ECF No. 10 at 6–7 (citing *Castille v. Peoples*, 489 U.S. 346 (1989)). Gonzalez makes several arguments that Ground A(1) is exhausted, but the record shows the claim was not fairly presented in a complete round of state direct appeal or collateral review, and the failure to exhaust is not excused.

An application for a writ of habeas corpus on behalf of a person in custody under a judgment of a state court cannot be granted unless it appears that "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective

to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust federal claims in the state courts, a state prisoner must "give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts" and must do so "by invoking one complete round of the State's established appellate or collateral review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

To achieve exhaustion by giving the state court the opportunity to correct alleged violations of a prisoner's federal rights, a state court must be "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Picard v. Connor*, 404 U.S. 270, 277–78 (1971); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation for purposes of exhaustion. *See Castille*, 489 U.S. at 351.

**a. Failure to exhaust is not excused under 28 U.S.C. § 2254(b)(1)(B).**

Gonzalez argues he need not meet the exhaustion requirement because he had no legal basis to challenge the constitutionality of the application of the *Bryant* rule during his direct appeal as the challenge did not ripen until the Court of Appeals declined to consider the merits of his challenge to the validity of his guilty plea on direct appeal. ECF No. 11 at 5 n.6. He claims the only avenues for him to "fairly present" his claim was under Nev. R. App. P. 40 and Nev. R. App. P. 40B, and that the state court's refusal to entertain the claim triggered section 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). ECF No. 11 at 6–8. It is true that, under 28 U.S.C. § 2254(b)(1)(B), a petitioner need not meet the exhaustion requirement where there is an absence of an available

state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. Gonzalez, however, fails to establish he could not have raised on direct appeal the claim in Ground A(1).

Under NRS § 177.015(4), a defendant may appeal a final judgment resulting from a guilty plea that he entered voluntarily and with a full understanding of the nature of the charge and the consequences of the plea if the appeal is based upon reasonable constitutional, jurisdictional, or other grounds that challenge the legality of the proceedings. At the time of Gonzalez's direct appeal, it was well-established that, with the exception set forth in *Smith*, a defendant in Nevada was not permitted to challenge the validity of his guilty plea on direct appeal from the judgment of conviction; rather, a defendant had to challenge the validity of his guilty plea in a state post-conviction petition. *See* NRS § 177.015(4); *Harris*, 130 Nev. at 437*; Bryant*, 102 Nev. at 272. There was also authority demonstrating that a Nevada defendant could present on direct appeal a constitutional challenge to state appellate procedures. *See, e.g.*, *Wood v. State*, 115 Nev. 344 (1999). In *Wood*, a defendant challenged on direct appeal the Nevada Fast Track criminal appeal procedure, arguing that Nev. R. App. P. 3C violated both NRS § 2.120(2), which prohibits the court from making rules that abridge or modify a substantive right, and Nev. Const. art. VI, § 4, which guarantees a right of appeal in felony cases. The court reached the merits of that challenge on direct appeal and held that Nevada's Fast Track criminal appeal procedure is constitutional. *Id.* Finally, in its response to the opening brief on direct appeal, the State alerted Gonzalez that the application of *Bryant* could foreclose review on direct appeal. Gonzalez, however, filed a reply to support his direct appeal without presenting any arguments or claims that the application of the rule in *Bryant* would violate federal due process. Thus, although Gonzalez could have raised the claim set forth in Ground A(1) in his opening and reply

briefs on direct appeal, where it could have been considered on the merits, he did not do so. Accordingly, he presents no basis to conclude the state court process was ineffective to protect his rights. Sections 2254(b)(1)(B)(i) and (ii) do not afford an excuse from the exhaustion requirement.

**b. Ground A(1) was not fairly presented for consideration on the merits.**

Gonzalez contends he fairly presented the claim in his supplement to his motion to supplement the petition for rehearing, and the Nevada Court of Appeals indicated that, had it desired to do so, it could entertain the motion to supplement and corresponding supplement. ECF No. 11 at 5–7.

The primary purpose of a petition for rehearing is to inform the appellate court that it has overlooked an important argument or fact, or that it has misread or misunderstood a statute, case, or fact, in the record. *See Stanfill v. State*, 99 Nev. 499, 501 (1983). "A party may not raise a new point for the first time on rehearing." *Id.* Under Nev. R. App. P. 40(b), parties may not raise new points for the first time in a petition for rehearing, and any claim that the court has overlooked or misapprehended a material fact or question of law must be supported by a reference to the page of the brief where petitioner raised the issue. *See* Nev. R. App. P. 40(b).

The rule that a petition for rehearing does not permit parties to raise new points and issues that are not based on facts or authorities already presented is well-established and consistently followed in Nevada. *See*, *e.g.*, *Ducksworth v. State*, 114 Nev. 951, 953 (1998) ("A petitioner may not reargue an issue already raised or raise a new issue not raised previously.").[4]

[4] *See also Whitehead v. Nevada Comm'n on Jud. Discipline*, 110 Nev. 380, 390–91 (1994) (reiterating that "[a] petition for rehearing will be entertained only when the court has overlooked or misapprehended some material matter, or when otherwise necessary to promote substantial justice," and "[a] petition for rehearing may not be utilized as a vehicle to reargue matters considered and decided in the court's initial opinion," or to "raise new legal points for the first

The federal claim in Ground A(1) was not raised during a full round of direct appeal as it was not raised as part of the direct appeal, in the petition for rehearing, or in the motion to supplement the petition for rehearing. At most, the record suggests a federal claim may have been presented in the supplement that was submitted with the untimely motion to supplement the petition for rehearing. The Nevada Court of Appeals denied the motion to supplement the petition for rehearing and struck the supplement as untimely under Nev. R. App. P. 40(c). Although the court acknowledged it had the discretion under Nev. R. App. P. 2[5] to suspend the application of its rules, that remark was made in the context of its ruling that the motion was untimely. It's ruling says nothing about suspending the long-standing rule that new issues cannot be raised in a petition for rehearing. Accordingly, the claim was first presented in a procedural context in which its merits would not be considered. *See Castille*, 489 U.S. at 351. Thus, including the claim in the supplement to the petition for rehearing did not satisfy the fair presentation requirement for exhaustion.

**c. The claim was not raised in a complete round of "collateral review."**

Gonzalez argues he fairly presented the claim in Ground A(1) on "collateral review" by presenting it in the supplement to his motion to supplement his petition for rehearing, and in his petition for review to the Supreme Court of Nevada. ECF No. 11 at 2–6. The Supreme Court has held that "collateral review" means a form of review that is not part of the direct appeal process.

---

time.") (internal and other citations omitted); *Beck v. Thompson*, 22 Nev. 419 (1895) (holding questions or points not raised on the original hearing will generally not be considered on the rehearing); *Stanfill*, 99 Nev. at 501 (holding party's contention on rehearing that appeal was controlled by a Supreme Court case improper as the case was never cited in briefs or at oral argument on direct appeal).

[5] Nev. R. App. P. 2 reads: "On the court's own or a party's motion, the court may—to expedite its decision or for other good cause—suspend any provision of these Rules in a particular case and order proceedings as the court directs, except as otherwise provided in Rule 26(b)."

*See Wall v. Kholi*, 562 U.S. 545, 552 (2011). The petitions for rehearing and review are part of the direct appeal process and could not exhaust on "collateral review." [6]

**d. Failure to exhaust is not excused under *Fay v. Noia*.**

Relying on *Fay v. Noia*, 372 U.S. 391 (1963), Gonzalez contends failure to exhaust remedies where state remedies are no longer available at the time of the commencement of habeas proceedings does not bar federal habeas corpus relief. ECF No. 11 at 2–3. The holding in *Fay* "has been superseded by the Court's subsequent decisions applying the cause and prejudice standard" reasoning that "[t]he *Fay* standard was based on a conception of federal/state relations that undervalued the important interest in finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Thus, the Supreme Court has qualified *Fay* by holding that, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate" cause and prejudice. *Id.* at 750.

**3. Ground A(1) is procedurally defaulted.**

A claim is technically exhausted, "[i]f a state court would dismiss . . . claims for their procedural failures . . . because, in the habeas context, 'state-court remedies are . . . no longer available, regardless of the reason for their unavailability.'" *Shinn v. Ramirez,* 596 U.S. 366, 378 (2022) (quoting *Woodford v. Ngo,* 548 U.S. 81, 92–93 (2006)).

The state court record shows that Gonzalez did not fully, fairly, and properly present the claim in Ground A(1) to the state appellate courts during his direct appeal, and he may not file a

[6] Gonzalez argues his state post-conviction proceeding (which qualifies as a collateral review proceeding) is irrelevant because he could not challenge the denial of his right to direct appeal in the state post-conviction proceeding. ECF No. 11 at 2.

second direct appeal from the same conviction. *See*, *e.g.*, *Lopez v. State*, Case No. 83358, 137 Nev. 935, 2021 WL 3878949 (Nev. Aug. 27, 2021) (Unpub.) ("appellant may not litigate a second direct appeal from the same conviction").[7] The issue raised in Ground A(1) could not be raised in a state post-conviction proceeding. *See* NRS § 34.810(1)(a). And Gonzalez has not asserted he has any remedies available to him in state court or that he can overcome the procedural bars to raising the claim. The claim raised in Ground A(1) is technically exhausted, but procedurally defaulted, because a return to state court to exhaust the claim would be futile considering state procedural rules. *See O'Sullivan*, 526 U.S. at 848.

Procedurally defaulted claims are not barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 750). To demonstrate cause to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). Gonzalez fails to argue or establish

[7] *See* Nev. R. App. P. 36(c)(3) ("A party may cite for its persuasive value, if any, an unpublished disposition issued by the Supreme Court on or after January 1, 2016 . . . .").

entitlement to excuse the procedural default of the claim in Ground A(1). ECF No. 11 at 9–10. For the foregoing reasons, Ground A(1) is dismissed as procedurally defaulted.

**B. Ground B**

**1. Ground B is cognizable.**

Ground B alleges that Gonzalez is in custody in violation of the Constitution because the Nevada Court of Appeals falsely concluded that his claims of error rendering his guilty plea invalid do not clearly appear in the record. ECF No. 1 at 1, 14–16. The federal constitutional guarantee of due process requires that a guilty plea be knowing, intelligent, and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The Nevada Court of Appeals determined that it did not clearly appear from the record that the guilty plea was invalid. Gonzalez now claims that decision is based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2) because it is apparent from the record that his guilty pleas were not knowing, voluntary, and intelligent. ECF No. 1 at 14–15. Ground B is cognizable because it alleges the state appellate court's rejection of Gonzalez's claim was based on an unreasonable determination of fact. Because the validity of a guilty plea is protected by the Fourteenth Amendment Due Process Clause, Ground B is cognizable.

**2. Ground B is exhausted.**

In his direct appeal, Gonzalez argued that the guilty plea was invalid in violation of the federal constitution. ECF No. 7-49 at 10–11 (citing *Boykin*). He presented the claim raised in Ground B in his reply to the State's response to his opening brief on direct appeal by arguing the alleged errors that rendered the guilty pleas invalid clearly appeared in the record and nothing further was required for the Nevada Court of Appeals to address the claim that the pleas were not knowing, voluntary, and intelligent. ECF No. 8-10 at 6–8. The Nevada Court of Appeals, citing

*Smith*, found the alleged errors did not clearly appear in the record. ECF No. 8-14. Gonzalez's petitions for rehearing and review alleged the Nevada Court of Appeals overlooked that the errors clearly appear in the record. ECF Nos. 8-15 at 4–6; 8-25 at 5–14. Ground B is thus exhausted as it was fairly presented to each state court level of review.

**V. A stay and abeyance are not warranted.**

Gonzalez requests an order staying this proceeding and holding it in abeyance should I find his claims unexhausted. ECF No. 11 at 15. The request is denied.

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the one-year limitation period. *See Rhines v. Weber*, 544 U.S. 269, 276–78 (2005); *Mena v. Long*, 813 F.3d 907, 910–12 (9th Cir. 2016) (holding district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

Ground A(1) is unexhausted but is procedurally defaulted. Although there is nothing to suggest Gonzalez has intentionally engaged in dilatory litigation tactics, his state direct appeal and state post-conviction review proceedings have concluded, he makes no argument that he can exhaust the claim in state court, and he has not established good cause for a stay.

## VI. Conclusion

I THEREFORE ORDER that the Motion to Dismiss the Petition for a Writ of Habeas Corpus **(ECF No. 10) is granted in part**. Ground A(1) is dismissed as procedurally defaulted and Ground A(2) is dismissed as not cognizable.

I FURTHER ORDER that the petitioner's request for stay and abeyance is denied.

I FURTHER ORDER that the respondents have through October 5, 2026 to answer Ground B of the petition, and the petitioner has 45 days after service of the answer to file a reply in support of the petition.

Dated: August 17, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE